By the Court:
Prior to the recent amendment of section 845, of the Revised Statutes, it was the established law of this state that county commissioners were not liable for damages resulting from their negligence. Their liability is, therefore, only that which the amended statute imposes. The liability is charged upon them in connection with a grant of power and is in the terms following: “The board of commissioners shall be capable of suing and being sued, pleading and being impleaded in any court of judicature, and bringing, maintaining and defending all suits, either at law or in equity, involving an injury to any public state or county road, bridge or ditch, drain or watercourse established by such board in their county, and for the prevention of injury to the same and any súch board of county commissioners shall *178 be liable in their official capacity for any damages received by reason of the negligence or carelessness of said commissioners in keeping any such road or bridge in proper repair.” The negligence'charged in, the petition relates wholly to the dangerous condition of the bridge, because it was constructed upon a defective model. The liability .’imposed by the statute is for failure to keep such roads -and bridges in proper repair. The statute does not impose upon the commissioners any liability whatever with respect to the plan of construction of bridges over canals belonging to the State. But on the contrary, the requirement of'-section 4937, of the Revised Statutes, is that such bridge must be constructed upon a model furnished by the board of public works. The defect charged in the petition did not result from the negligence of the commissioners in the performance of any duty imposed upon them by law.
2. The terms of the statute will not admit of a construction which would impose upon the commissioners a liability with respect to any highways except those over which they have, by its terms, legal control; that is, “over any public, state or county road.” Control of the' streets of municipalities is not given to them. Such control, is by other provisions of the statutes, given to the municipalities, and the liability for negligence is an incident to the control. The allegation in the petition, that the bridge at which the plaintiff received the injury is “on Water street in Troy,” does not show that it is within the control of the commissioners or in any sense a matter with respect to which they may be negligent in the contemplation of law.
It is also insisted by counsel for the commissioners that.the undisputed facts elicited upon the trial *179 show that the plaintiff’s injuries resulted wholly from his own carelessness. However much of reason there may be for that proposition, we do not regard it necessary to consider the question which it presents, since the points already determined seem to be decisive of the entire controversy.

Judgments of the circuit and commoñ .pleas courts reversed and judgment for plaintiffs i/n error.